DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-44-FDW

| | |
|---|---|
| STEVEN B. SOMERSET, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| GREG SMITH, *Attorney*, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e), 1915A.

**I.    BACKGROUND**

Pro se Plaintiff Steven B. Somerset is a state court inmate currently incarcerated at Central Prison in Raleigh, North Carolina, after being convicted in Gaston County on January 1, 2012, of obtaining property by false pretenses.[1] On April 1, 2014, Plaintiff filed this action in the Eastern District of North Carolina pursuant to 42 U.S.C. § 1983. On April 7, 2014, that court transferred the matter to this district. See (Doc. No. 2). Plaintiff has named the following persons as Defendants: Greg Smith, identified as Plaintiff's defense counsel in Plaintiff's state court criminal proceedings; and FNU Hooks, FNU Friday, and FNU Hawkins, who are identified as officers at the Lincoln County Jail. Plaintiff alleges that while he was a pre-trial detainee in the Lincoln County Jail, he broke his hand and was denied adequate and proper treatment.

---

[1] Plaintiff was incarcerated at Piedmont Correctional Institution in Salisbury, North Carolina, when he filed this action, but the North Carolina Department of Public Safety web site shows that on July 8, 2014, he was transferred to Central Prison in Raleigh, North Carolina.

Plaintiff also alleges that his defense counsel Greg Smith provided him with ineffective representation when defending Plaintiff on various state criminal charges. Plaintiff asserts in the Complaint that he did not exhaust his administrative remedies before bringing this action.[2] (Doc. No. 1 at 3).

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the

---

[2] Furthermore, Plaintiff did not comply with this Court's Order dated April 25, 2014, requiring Plaintiff to file his administrative remedies affidavit within twenty days. (Doc. No. 7).

PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

By Plaintiff's own admission in his Complaint, as to his claims related to the conduct by Defendants Hooks, Friday, and Hawkins while Plaintiff was incarcerated at the Lincoln County Jail, he did not exhaust his administrative remedies before bringing this action. Plaintiff's claims against Defendant officers Hooks, Friday, and Hawkins must, therefore, be dismissed for failure to exhaust administrative remedies. The Court further observes that Plaintiff's defense counsel Defendant Smith is not a proper Defendant in this Section 1983 action.[3] An attorney, whether

---

[3] To the extent that Plaintiff is attempting to challenge his state court conviction for which he is currently incarcerated, his claim is barred by the principles in Heck v. Humphrey, 512 U.S. 477

retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983).

### IV. CONCLUSION

For the reasons stated, the Court will dismiss this action.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's claims arising out of the alleged conduct of Defendant officers Hooks, Friday, and Hawkins while Plaintiff was incarcerated at the Lincoln County Jail are **DISMISSED** without prejudice for failure to exhaust administrative remedies as to his claims against these Defendants. Plaintiff's Section 1983 claim against Defendant Smith is **DISMISSED** with prejudice.

(2) The Clerk of Court is directed to close this case.

Signed: July 28, 2014

_____
Frank D. Whitney
Chief United States District Judge

---

(1994).